

**U.S. Department of Justice**

Eastern District of Louisiana
U. S. Attorney's Office

*Albert J. Winters, Jr.*
*Assistant United States Attorney*
*Senior Litigation Counsel*

*Hale Boggs Federal Building*
*500 Poydras Street, Suite B210*
*New Orleans, LA   70130*

Telephone #: (504) 680-3006
Fax # : (504) 589-2027

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 23  P 1: 41

LORETTA G. WHYTE
CLERK

February 16, 2005

Honorable Kurt D. Engelhardt
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Rm 351
New Orleans, Louisiana   70130

  Re: United States v. Moler Beauty College, Inc.
     Criminal Docket No. 05-028 "N"

Dear Judge Engelhardt:

  In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure and 1B1.8 of the United States Sentencing Guidelines, (U.S.S.G.), the Government wishes to acknowledge the following agreement between the Government and Moler Beauty College, Inc., the defendant, in the above-captioned proceeding.  Defendant's undersigned counsel, Lee Leonard, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

  The defendant, Moler Beauty College, Inc. is presently charged in an indictment with one count of conspiracy to violate Title 20, United States Code, Section 1097(a) in violation of Title 18, United States Code, Section 371.  The Government will allow the defendant to plead guilty as charged and agrees that it will not bring any other charges in the Eastern District of Louisiana, that the defendant discloses, involving the defendant's involvement with the United States Department of Education and the receipt of Title IV Federal Educational Assistance Programs.

\_\_ Fee\_\_\_\_
\_\_ Process\_\_\_
X  Dktd\_\_\_\_
\_\_ CtRmDep\_\_
\_\_ Doc. No.\_\_

The defendant further understands that the maximum penalty defendant may receive should its plea of guilty be accepted is a fine of $500,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code.  This special assessment must be paid on the date of sentencing.  Failure to pay this special assessment may result in the plea agreement being void.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal its sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest its sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.  The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions.  The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.  The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Further, the defendant understands that should it withdraw from this agreement, the Government has the right to proceed with a superseding indictment with all applicable charges.

        Very truly yours,

        JIM LETTEN
        UNITED STATES ATTORNEY

        _____
        ALBERT J. WINTERS, JR.
        Assistant United States Attorney
        Senior Litigation Counsel

_____ 03/23/2005
Lee Leonard
Attorney for the Defendant (Date)

By _____ 03/23/2005
Moler Beauty College, Inc.
Defendant (Date)